UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re Cherm Nelson,

    Debtor.

Bankr. No. 18-16860

Chapter 13

Judge Jacqueline Cox

### Order on Motion to Modify Plan and Motion to Determine Amount of Secured Claim (Dockets 27 and 28)

The Debtor asks in his Motion to Modify Plan to reduce the dividend to unsecured creditors to 2%.

The Debtor also filed a Motion to Determine Amount of Secured Claim.

The City of Chicago objects to the Motions.

The Debtor is not asking the court to require the Chapter 13 Trustee to recoup funds paid to creditors to date.

### Motion to Modify Plan

Section 1329 of the Bankruptcy Code allows a debtor to amend a confirmed plan in limited circumstances. A debtor, a trustee or an unsecured creditor may seek amendment of a confirmed plan to increase or reduce the amount of payments on a particular class of claims, to extend the time for payments, to alter the amount of the distribution to all creditors to the extent necessary to take account of payments made other than under the plan or to reduce amounts to be paid under the plan regarding the purchase of health insurance.

The Debtor's request to modify the plan does not address any of the grounds allowed for modification under Section 1329. The motion does not affect a class of creditors. The secured creditors are the City and Acceptance Now, which is not addressed in the Motion to Modify Plan. However, because the Debtor will be allowed to strip down the City of Chicago's claim, the court will allow the Debtor to amend his plan as requested as that is the only way for the Debtor to achieve the relief which will be granted.

**Motion to Determine Value of Secured Claim**

The City of Chicago objects to the Motion to Determine Amount of Secured Claim because it filed a secured claim in the amount of $ 5677.85 listing the Debtor's Volvo as collateral for a possessory lien. The City argues that because the Debtor did not object to that proof of claim or file a motion to determine value before the plan was confirmed, the motion has to be denied because the confirmed plan is res judicata as to the value of its secured claim. The problem is that the City relies on cases that say that claim objections can not be made post-confirmation, not that value of secured claims can not be determined post-confirmation. In addition, the confirmed plan at section 3.2, states that the City of Chicago would receive $3700 on its lien even though the plan states that the lien covered a City of Chicago debt in the amount of $ 4155.85. Instead of objecting before confirmation to the $3700 amount it would receive under the plan, it now says it has to receive a higher amount of $ 5677.85 noted in its proof of claim because the plan says that the amount in the proof of claim controls. However, the City was on notice from the beginning of the case that the Debtor wanted to strip down its claim to the value of the vehicle in issue. The stripped down $3700 value controls even though the City of Chicago filed a proof of claim for $ 5677.85 as noted in its June 13, 2018 proof of claim which was amended on June 20, 2018, stating the same amount due, $ 5677.85.

The Debtor is relying on Section 506(a) of the Bankruptcy Code which describes the extent to which an allowed claim is to be treated as a secured claim for purposes of the Bankruptcy Code. 4 COLLIER ON BANKRUPTCY ¶ 506.01 (Richard Levin & Henry J. Sommer eds., 16th ed.). Federal Rule of Bankruptcy Procedure 3012(a)(1) states that on request by a party in interest and after notice to the holder of a claim, a court after a hearing, may determine the amount of a secured claim under section 506(a) of the Code.

Bifurcation under section 506(a) results in the division of a claim into a secured claim equal to the value of the collateral and an unsecured claim on the balance of the allowed claim. The debtor pays the unsecured portion pro rata with other unsecured claims.

The request may be made by motion or by claim objection, or in a plan filed in a chapter 12 or 13 case. Fed. R. Bankr. P. 3012(b). A request to determine the amount of a secured claim of a government unit may be made only by motion or in a claim objection, showing that motions

to determine value of secured claims and objections to claims are two different, separate remedies.

Generally, a claim objection seeks total disallowance of a claim on certain grounds. Bankruptcy Code Section 502(b). That Code section does not include value regarding secured claims as a basis on which to object to a claim.

Retired Bankruptcy Judge Keith M. Lundin notes:

> It has been said that § 1329 does not permit a debtor to reduce the amount of a secured claim provided for in the confirmed plan. (Citing *Kitchen v. Malmstom Fed. Credit Union*, 64 B.R. 452 (Bankr. D. Mont. 1986)). This result is not required by § 1329 and confuses the claims allowance process with the rules for modification of plans after confirmation. There are many reported decisions that permit modification after confirmation to affect the treatment of secured claims. Debtors have routinely been allowed to modify to improve the treatment of secured claims, for example, to include an omitted provision for payment of interest or to retain liens consistent with § 1325(a)(5)(B)(i). (Emphasis in text).

KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY, § 265.1, 3d Ed. ( 2007 & Supp. 2020).

Courts have to assess a debtor's good faith, sincerity and intentions in resolving motions to modify a secured claim post-confirmation. This court finds that because the Debtor valued the collateral in issue at $3700 in 2018 in the plan and has paid the City of Chicago since then, her intentions at this point in the process are to be fair to the City of Chicago, as she is doing only what the Bankruptcy Code allows, the strip down of liens to collateral value. This is what the plan indicated in 2018.

The court notes that the prohibition to allowing claim objections post-confirmation, which is not what the Debtor is seeking, is designed to not allow debtors to strip down vehicle values after a plan has proceeded for a period of time to protect purchase money lenders. The City of Chicago is not a purchase money lender. It is not losing the benefit of a bargain.

### The City of Chicago's Good Faith

Section 1327 of the Bankruptcy Code states that confirmation of a plan binds the debtor and each creditor. The City of Chicago seeks to prevent the Debtor from pursuing a remedy not clearly provided for in the plan, binding the Debtor to the confirmed plan, while it has sought in other cases to not limit itself to confirmed plans' provisions. This court notes that the Debtor

may not have completely and clearly stripped down the lien by not filing its strip down motion until recently. Her plan mentions it, but she probably should have moved sooner for an order.

This court should probably assess the City of Chicago's good faith in opposing the Debtor's Motion to Modify the Plan as the City has filed motions to modify confirmed plans relying on Bankruptcy Code Section 1329 of the Bankruptcy Code even though that section allows a debtor, a trustee or a holder of an unsecured claim to pursue plan modifications on the grounds noted therein. It does not allow secured creditors to seek plan modifications. Note the City's motions to modify confirmed plans in the following cases: *In re Essie M. Gomire,* Bankruptcy Case 18-10408, Motion to Modify Plan, Docket 42; *In re Willie F. Lee,* Bankruptcy Case 19-03208, Motion to Modify Plan, Docket 54; *In re Latimer,* Bankruptcy Case 19-27621, Motion to Modify Plan, Docket 59 and *In re Ricketts,* Bankruptcy Case 20-06504, Motion to Modify Plan, Docket 37. The City insists that it is a secured creditor. However, seeking something it is not entitled to as a secured creditor may amount to bad faith on the City's part when it argues herein that the Debtor can not modify his plan post-confirmation because of Bankruptcy Code section 1327 when it often seeks, without authority, to modify plans according to Code section 1329 which does not give it authority to do so. According to the City the Debtor is bound to a confirmed plan, while it is not.

The court notes that Fed. R .Bankr. P. 3012 does not limit the time in which a party in interest may ask a court to determine the amount of a secured claim under Bankruptcy Code section 506(a). The City argues that a secured claim filed pre-confirmation without objection (and is therefore "allowed:) and treated in a subsequently confirmed Chapter 13 Plan cannot later be attacked as to the secured value, citing *Adair v. Sherman,* 270 F.3d 890, 894 (7th Cir. 2000). That case involved analysis of a debtor's failure to file a claim objection pre-confirmation - analyzing Bankruptcy Code section 502, not a motion to determine the amount of a secured claim. The court agrees that a claim not objected to pre-confirmation is allowed, that it is eligible for plan payments. However, the Debtor is not trying to deny the City payment. The Debtor is trying to limit the City's secured claim to the value of its collateral, which is what Bankruptcy Code section 506(a) allows.

In *In re Adams,* 270 B.R. 263 (Bankr. N.D. Ill. 2001) where vehicle(s) had been

repossessed and sold by a creditor, the court ruled generally that the debtors therein could not object to the creditor's proof of claim post-confirmation and that the debtors could not use Bankruptcy Code section 1329 to strip down Ford's claim. *Id.,* at p. 906. However, the court concluded that "Debtors' motion to disallow Ford Credit's secured claim will be treated under 11 U.S.C.§ 506(a) as a motion to value the secured claims at zero." *Id.*, at 908.

This court notes that neither Bankruptcy Code section 506(a) nor Bankruptcy Rule 3012 prohibit the strip down of a secured claim post-confirmation.

The Motion to Modify Plan is granted.

The Motion to Determine Value of Secured Claim is granted.


Judge: J. Cox     Jacqueline P. Cox

Date: July 1, 2021